## Wytheville.

TURPIN AND ALS. v. THE CHESTERFIELD C. &. I. M. Co.

### JUNE 17th, 1886.

PERSONAL REPRESENTATIVES—*Compromises—Liability—Case at bar.*
An administrator, acting in good faith, in 1863, compromised at 50 cents in the dollar in the currency of the country, an unestablished, unadmitted claim, not a lien, dated December, 1840, of his intestate's estate; which, though it had been asserted for more than twenty years and been reported by a commissioner that length of time before, yet had met with some adverse decision in the circuit court, and was affected by all the uncertainties of flagrant war. Suit by the distributees charging administrator and the debtor with collusive *devastavit* nearly twenty years later, was dismissed by the circuit court. On appeal—

HELD :

> The compromise was valid, and no *devastavit* was committed, and the suit was properly dismissed.

Appeal from decree of circuit court of Henrico, rendered 5th March, 1883, dismissing the petitions filed by Ann E. Turpin and others, against the Chesterfield Coal and Iron Mining Company and others, in the three suits of *Finney* v. *Heth*, *Gwathmey* v. *Heth*, and *Barksdale* v. *Heth*.

Opinion states the case.

Argued at Richmond, but decided at Wytheville.

*C. C. McCrae, J. N. Dunlop* and *J. C. Lamb*, for the appellants.

*Johnston, Williams & Boulware*, for the appellees.

LACY, J., delivered the opinion of the court.

The appellants, Ann E. Turpin and others, filed their petition in the said court in the three causes pending therein, of *Finney* v. *Heth,* *Gwathmey* v. *Heth,* and *Barksdale* v. *Heth,* alleging that they were entitled to the estate of one S. S. Saunders, deceased. That one John Farrar, as the agent of what was called "The Black Heath Company of Colliers," on the 23d day of December, 1840, at ninety days after date, made a bill of exchange in favor of said Saunders on one Col. John Heth, London, and endorsed by said Saunders to W. and S. Irvine, for two thousand pounds sterling, which was protested for non-payment, paid by Irvine; and the said company, "The Black Heath Company of Colliers," having been succeeded by the "Chesterfield Coal and Iron Mining Company," which held the property of the said "The Black Heath Company of Colliers," and became liable for the said company's debts, the said Irvine sued the said "The Chesterfield Coal and Iron Mining Company" for the said £2,000. That in the progress of the litigation in the three suits above named, there was some decree in the circuit court rendered adverse to the rights of Irvine, from which he appealed to this court, where an appeal was pending in 1864.

By reason of the loss of papers by fire, the nature of that adverse decree in the circuit court is not stated. In 1863, or about that time, in some way, not known and not stated, Saunders is alleged to have become the owner of this Irvine claim, a controversy concerning which was then pending, as before stated, in this court.

The estate of Saunders having been, as to all else, settled up and distributed, the executors being dead, Powhatan Roberts, Esquire, the counsel of the Saunders' estate in the matter, then living, but now deceased, having received or made a

proposition of compromise of this claim at fifty cents in the dollar, procured a qualification on the Saunders' estate by the son of the former executor, and arranging an acceptance of the proposed compromise, the same was effected; the money paid; the appeal in this court dismissed; and the said compromise was reported to the circuit court, and by decree therein in these causes entered, confirmed.

From this decree no appeal was ever taken.   In the progress of these causes, in January, 1873, the commissioner in chancery, following the old report in the cause of 1842, reported this claim again among the debts, stating that he could not find the evidence upon which it was reported, but followed the old reports, the records of the cause having been destroyed by fire.   This report being, as to this item, excepted to, upon the ground that it had been paid as stated above, and upon affidavit filed, the said claim was stricken out of the report, by decree entered in the cause.   From this decree no appeal was taken.

On the 10th day of July, 1880, the appellants filed their first petition, seeking to annul this compromise, upon the ground that the debt was paid in Confederate money, and seeking to have payment again and in full from "The Chesterfield Coal and Iron Mining Company."   On the 30th day of March, 1881, the appellants filed their second and amended petition in the cause.   On the 8th day of July, 1881, the said appellants filed their third and amended petition in the cause.   On the 5th day of March, 1883, by leave of the court, the appellants filed their fourth and amended petition in the cause.   Whereupon, the causes coming on to be heard on the said petitions, upon motion of the appellees, the said petitions were dismissed by the circuit court.   Whereupon, the appellants appealed to this court from the said decree dismissing their petitions.

The question here is as to the validity of the compromise of

this debt.   It is sought to charge the administrators of Saunders with a *devastavit*, and to fix upon "The Chesterfield Coal and Iron Mining Company" a fraudulent participation in the same, and to fix the liability directly, and in the first instance, upon the said company, as being the party profiting by the said *devastavit*.

It appears from what has been said, that the said claim was not an established debt, nor an admitted claim, nor lien as to the alleged debtor's estate; but that while it had been asserted for twenty years and more, and had been reported by a commissioner more than twenty years before, that it was not only not yet established, but had met with some adverse decision in the circuit court, and the owner of the same was asserting it · by allegation of error against him, in this court.   War was flagrant in the country.   The plaintiff, upon the record, Irvine, was the inhabitant then of what was regarded as a foreign country.   And this claim was affected not only with the uncertainty which affected all values at that time, but was a disputed claim, and was above all uncertain by reason of an adverse decree in the circuit court.   ·

Amid such surroundings, the counsel, who had long pressed this claim before the courts, embraced an offer, or devised one, of compromise, which was consummated, and approved by the court wherein the same was pending, and where the claim was legally represented, the money paid, and realized by those entitled to receive it.   And all this was acquiesced in for nearly twenty years, before the first petition was filed, and the case was retained in the circuit court for three years, and until four petitions had been filed, and then the same were dismissed.

If the appellants could establish this claim by any proof in their possession, they have had ample time to do so.   Their first appeal to this court was dismissed more than twenty years

ago, and the final decree in the circuit court was rendered twenty-two years ago, from which they never appealed. They came in too late to assert this claim, and to complain of the injury which they received, if at all, so long ago. But if·they had come into court at an earlier day, the case would not have been different.

The administrator of Saunders in this matter acted within the scope of his powers, with good faith, and ordinary prudence. He realized for the estate in the then currency of the country a part of a claim which he might well have considered more than doubtful. There is nothing in the several petitions, or in this record, by which it can be established that anything could certainly have been realized on the claim. It was certainly in doubt, in adversity, under the ban of the circuit court decree, and its probable fate upon appeal here was unknown.

Is there any ground to charge the administrator with a *devastavit* upon such a case? If he acted in good faith and ordinary prudence, within the scope of his powers, he is protected; and that this is so, cannot be denied. *Douglass* v. *Stephenson*, 76 Va. 747; ·*Elliott* v. *Carter*, 9 Gratt. 541; *Thompson* v. *Brown*, 4 Johns. Ch. Rep. 619; *Davis, Commissioner*, v. *Harman*, 21 Gratt. 194; *Lingle* v. *Cook*, 32 Gratt. 262; *Williams* v. *Skinker*, 25 Gratt. 507; *Pidgeon* v. *Williams*, 21 Gratt. 251; *Hale* v. *Wall*, 22 Gratt. 424.

We think there is no error in the decree of the circuit court dismissing the several petitions of the appellants, and the same must be affirmed.

Decree affirmed.